## Casselhoff & Marshall v. George.

*Practice—Defective statement—Statutory demurrer—Rule for more specific statement.*

In a suit for the price of goods sold and delivered, an affidavit of defence is insufficient which is endorsed as "raising a question of law," and avers that the statement is defective, in that the terms of the verbal contract of sale are not set forth. The defendant should have demanded a more specific statement, if the statement was defective.

Statutory demurrer. C. P. Lancaster Co., Feb. T., 1922, No. 82.

*L. R. Geisenberger,* for rule.

*George T. Hambright, A. B. Hambright* and *John M. Groff,* contra.

LANDIS, P. J., June 24, 1922.—The plaintiffs' statement alleges that the defendant is indebted to him in the sum of $203.67, with interest from April 1, 1921. The claim is based upon a verbal contract for goods sold and delivered, and itemized bills, containing day, date and articles furnished, are attached thereto. A further claim is made for $19.32, for money expended to pay the cost of protest of sundry notes and checks given by the defendant to the plaintiffs, and a credit of $294.16 is allowed. This leaves the above balance as yet due.

The defendant has filed an affidavit of defence, in which he states that "he is unable to file his affidavit of defence to the plaintiffs' statement of claim, because the said statement of claim is defective, in that it bases the ground of action on a verbal contract, but does not set forth the contract or its terms or conditions." This affidavit of defence is endorsed, "Affidavit of defence raising question of law." We can see no question of law in this proposition. It sets forth no ground of defence. If the statement is insufficient, the defendant could have demanded a more specific statement; but he certainly cannot prevent judgment by such a flimsy pretext.

The rule for judgment is, therefore, made absolute, and judgment is now entered in favor of the plaintiffs and against the defendant for the sum of $203.67, with interest, making in all $218.74.

Rule made absolute.　　　　From George Ross Eshleman, Lancaster, Pa.
3 D. & C.